**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DONALD M. McALISTER,

     **Plaintiff,**

     **v.**                        **CASE NO.  26-3046-JWL**

STATE OF KANSAS, et al.,

     **Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Donald M. McAlister is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff raises two complaints related to his state criminal proceedings in Case No. LV-2025-CR-000564, in the District Court of Leavenworth County, Kansas.  Plaintiff alleges that the affidavit filed by Officer Taylor Allen supporting the finding of probable cause failed to include photographic evidence of Plaintiff's hands, face, or the wall he "supposedly hit," even though the alleged victim reported striking Plaintiff in the face with a closed fist and Plaintiff punching a wall. (Doc. 6 at 2, 3.)  Plaintiff further alleges that the affidavit includes the notary stamp of Ezekiel Stevenson, but Mr. Stevenson did not sign the notary acknowledgement. *Id*. at 2.

Plaintiff states that he was charged with two counts but was found not guilty after a jury trial on January 27, 2026. *Id*. Online state court records indicate that Plaintiff was charged with aggravated domestic battery and criminal threat and confirm that he was found not guilty on both counts. *See State v. McAlister*, Case No. LV-2021-CR-000152 (District Court of Leavenworth County, Kansas).

Plaintiff names the following defendants: the State of Kansas; Taylor Allen, Leavenworth Police Office; and Ezekiel J. Stevenson, Notary Public. Plaintiff seeks damages of $3 million. *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

3

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### A.  Immune Defendant Named

Plaintiff names the State of Kansas as a defendant.  The State of Kansas is absolutely immune from suit for money damages under the Eleventh Amendment.  Consequently, suits against the State are barred, absent consent, regardless of the relief sought.  *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982).

Moreover, the State is not a "person" that Congress made amenable to suit for damages under § 1983.  *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

The State of Kansas is therefore subject to dismissal from this action.

### B.  Failure to Specify Any Constitutional Violation

In a § 1983 action, the Complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007). This action is subject to dismissal because Plaintiff does not claim that any of his constitutional rights have been violated.  He takes issue with two aspects of the probable cause affidavit, but he

makes no reference to any federal constitutional provision or federal law and does not explain how the alleged deficiencies with the affidavit harmed him.  Even considering Plaintiff's pro se status, the Court is not free to "construct a legal theory on a plaintiff's behalf."  *Whitney*, 113 F.3d at 1173-74.

The Complaint fails to state a claim upon which relief may be granted and is subject to dismissal.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 7, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated April 7, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
