**FILED**
**U.S. District Court**
**District of Kansas**
05/20/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD M. McALISTER,

    **Plaintiff,**

    v.                           CASE NO.  26-3046-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

This matter is a pro se civil rights action filed under 42 U.S.C. § 1983.  Plaintiff raises complaints related to his state criminal proceedings.

The Court entered a memorandum and order to show cause ("MOSC") (Doc. 9) directing Plaintiff to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted.  This matter is before the Court on Plaintiff's Response (Doc. 11) to the MOSC.

After considering Plaintiff's Response, Plaintiff is hereby given a second opportunity to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter Before the Court**

Plaintiff's Complaint (Doc. 6) alleges that the affidavit filed by Officer Taylor Allen supporting the state judge's finding of probable cause to issue a warrant for Plaintiff's arrest in Case No. LV-2025-CR-000564 failed to include photographic evidence of Plaintiff's hands, face, or the wall he "supposedly hit," even though the alleged victim, Jennifer McGuffin, reported striking Plaintiff in the face with a closed fist and Plaintiff punching a wall.  (Doc. 6 at 2, 3.)

1

Plaintiff further alleges that the affidavit includes the notary stamp of Ezekiel Stevenson, but Mr. Stevenson did not sign the notary acknowledgement. *Id*. at 2.

Plaintiff names as defendants: the State of Kansas; Taylor Allen, Leavenworth Police Officer; and Ezekiel J. Stevenson, Notary Public. Plaintiff seeks damages of $3 million. *Id*. at 5.

## II. The MOSC

The Court found in the MOSC that the Complaint is subject to dismissal because Plaintiff did not claim that any of his constitutional rights had been violated. He took issue with two aspects of the probable cause affidavit, but he made no reference to any federal constitutional provision or federal law and did not explain how the alleged deficiencies with the affidavit harmed him. Even considering Plaintiff's pro se status, the Court found it is not free to "construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74. In addition, the Court found that the State of Kansas was subject to dismissal based on Eleventh Amendment immunity.

## III. Plaintiff's Response to the MOSC

Plaintiff argues in his response to the MOSC that Officer Allen violated the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment by failing to preserve, or, more accurately, collect, photographic evidence that he asserts could have been exculpatory. He argues that Officer Allen engaged in police misconduct and malicious intent by failing to arrest Jennifer McGuffin after she admitted punching Plaintiff and by failing to check Plaintiff for injury and the wall for damage. Plaintiff complains that Officer Allen did not do her job properly, and he argues that this demonstrates "malicious intent and prosecution." (Doc. 11, at 6.)

Plaintiff further asserts that the poorly investigated probable cause affidavit resulted in him being found not guilty at trial. He alleges that Officer Allen admitted at trial that she did not collect any photographic evidence and did not arrest Jennifer McGuffin. *Id*.

2

As for the notary, Plaintiff argues that Stevenson's failure to sign the affidavit made the affidavit "not usable in the court of law." (Doc. 11, at 7.)  He goes on to argue that the missing notary signature violated his Due Process rights and his right to a fair trial.  He argues that the affidavit should have been "dismissed."  *Id*. at 8.  Plaintiff also asserts that Stevenson violated the Kansas Notary Act (K.S.A. 53-101 et seq.) by not signing the affidavit correctly.  *Id*. at 9.

## IV.  DISCUSSION

### A.  Malicious Prosecution

The Tenth Circuit has recognized a Fourth Amendment § 1983 claim grounded in malicious prosecution. *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017).  There are five elements required for such a claim: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.  *Id.* (citation omitted).

Therefore, the first question is whether Allen caused Plaintiff's continued confinement or prosecution.  It appears that she did not.  Plaintiff was arrested on September 25, 2025, pursuant to two warrants: one was issued in Case No. LV-2025-CR-000564, the case underlying this Complaint, but the other was issued for a probation violation in Case No. LV-2021-CR-000152.  Plaintiff's probation was revoked after a hearing on October 15, 2025, meaning he was in custody serving his time on that case while awaiting trial on Case No. LV-2025-CR-000564.  When Plaintiff was found not guilty in Case No. LV-2025-CR-000564, he was not released because he had not completed his sentence in Case No. LV-2021-CR-000152.  It appears based on state court records that Plaintiff spent no time in custody solely on Case No. LV-2025-CR-000564.

The second question is whether the original action terminated in Plaintiff's favor.  It

appears that Plaintiff meets this element.  He was found not guilty in Case No. LV-2025-CR-000564 after a jury trial on January 27, 2026.

The third element Plaintiff must show is that no probable cause supported his arrest, confinement, or prosecution.  Plaintiff's claim seems to be based on cases finding a duty to investigate, such as *Romero v. Fay,* 45 F.3d 1472 (10th Cir. 1995), which "requires officers to reasonably interview witnesses readily available at the scene, investigate basic evidence, or otherwise inquire if a crime has been committed at all before invoking the power of warrantless arrest and detention."  *Id.* at 1476–75.  *See also Cortez v. McCauley,* 478 F.3d 1108, 1117 (10th Cir. 2007) (en banc) (quoting *Romero* formulation of duty to investigate as clearly established law).  But, the Tenth Circuit later noted that "this case law involves the particular circumstance of a warrantless arrest, where a law enforcement officer acts upon her own evaluation of the developing facts, without the support of a judicial officer's prior determination of probable cause based on evidence mustered for that purpose.  It is not at all clear that this duty to investigate extends to the situation where a judge makes the probable-cause determination to issue a warrant." *Handy v. City of Sheridan*, 636 F. App'x 728, 738–39 (10th Cir. 2016).

The Tenth Circuit has emphasized that "the statement of a victim of a crime to police may establish probable cause absent some reason to think the statement not trustworthy." *Moses-El v. City & Cnty. of Denver*, No. 20-1102, 2022 WL 1741944, at *14 (10th Cir. May 31, 2022) (quoting *Cortez*, 478 F.3d at 1121).  "An officer who has probable cause to arrest is not required to conduct further investigation for exculpatory evidence or to pursue the possibility that the suspected offender is innocent."  *Schudel v. Miller*, No. 12-CV-01864-REB-KLM, 2013 WL 12318277, at *5 (D. Colo. Nov. 8, 2013) (citing *see Simkunas v. Tardi*, 930 F.2d 1287, 1292 (7th Cir. 1991);

*Marx v. Gumbinner*, 905 F.2d 1503, 1507 n.6 (11th Cir. 1990); *Franco-de Jerez v. Burgos*, 876 F.2d 1038, 1042 (1st Cir. 1989)).

Whether or not Plaintiff meets the lack of probable cause element, Plaintiff's malicious prosecution claim also fails because there is no indication that Officer Allen acted with malice. Malice is shown if the primary motive of the defendant was something other than a motive to bring to justice a person thought to have committed a crime. *Sanchez v. Hartley*, 65 F. Supp. 3d 1111, 1124 (D. Colo. 2014), *aff'd in part, appeal dismissed in part,* 810 F.3d 750 (10th Cir. 2016). Plaintiff's conclusory allegation that Allen acted with malice is insufficient to satisfy this element. *See Myers v. Koopman,* 2010 WL 3843300, at *4 (D. Colo. Aug. 27, 2010) (explaining that allegations of malice must not be general or conclusory).  Plaintiff provides no support for a finding of malice other than Allen's alleged failure to gather photographic evidence and her failure to arrest McGuffin.  Plaintiff's allegations at most indicate possible negligence, but more than negligence is required to show a constitutional violation. *See Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996) (explaining, where suspect is arrested after issuance of warrant, officer is shielded from liability for Fourth Amendment violation unless he knowingly, or with reckless disregard for truth, includes false statements in affidavit or omits from affidavit information that, if included, would have vitiated probable cause); *Romero v. Fay*, 45 F.3d 1472, 1478 (10th Cir. 1995) ("Allegations that a police officer acted negligently do not state a claim for a Fourteenth Amendment violation actionable under § 1983.").

The final question is whether Plaintiff sustained damages.  Plaintiff seeks $3 million but does not explain how he was damaged.  As discussed above, Plaintiff was in custody anyway pursuant to the revocation of his probation in Case No. LV-2021-CR-000152.

Because Plaintiff has not established the five elements of a claim for malicious prosecution,

his Complaint is subject to dismissal.

### B. Substantive Due Process

Plaintiff also attempts to bring a substantive due process claim.  The Tenth Circuit has said that "[o]ur cases recognize a § 1983 claim for a violation of Fourteenth Amendment substantive due process rights in the narrowest of circumstances. The conduct alleged 'must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power ... [It] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'"  *Becker v. Kroll*, 494 F.3d 904, 922–23 (10th Cir. 2007), quoting *Livsey v. Salt Lake County,* 275 F.3d 952, 957–58 (10th Cir. 2001); *see also Handy*, 636 F. App'x at 741.  Allen's conduct does not demonstrate the outrageousness that rises to the level of a substantive due process violation.

Furthermore, "our circuit has not recognized a § 1983 reckless investigation claim based on pre-arrest misconduct.  And in an unprecedential decision, we have observed 'serious reason to doubt the existence of' such a cause of action.  *See Parker* v. *City of Tulsa*, 745 F. App'x 79, 81 n.1 (10th Cir. 2018) (noting "the Eighth Circuit stands alone in recognizing [this claim]" and "[s]everal district courts have also ruled there is no such substantive due process claim.")."  *Morphew v. Chaffee Cnty., Colorado*, 172 F.4th 802, 823–24 (10th Cir. 2026).

Plaintiff's substantive due process claim is also subject to dismissal for failure to state a claim.

### C. Notary

Plaintiff says that the notary violated his due process rights by failing to sign the probable cause affidavit.  Certainly, Plaintiff has not alleged that this was anything more than a mistake or an oversight.  As explained above, such negligent conduct does not support a constitutional

6

violation as required to state a claim under § 1983.

In addition, Plaintiff alleges that Stevenson violated state law. It is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal. *See* 28 U.S.C. § 1367(c)(3).

### D. Immune Defendant Named

As explained in the MOSC, Plaintiff names the State of Kansas as a defendant in addition to Officer Allen and Notary Stevenson. The State of Kansas is absolutely immune from suit for money damages under the Eleventh Amendment. Consequently, suits against the State are barred, absent consent, regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982).

Moreover, the State is not a "person" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

The State of Kansas is therefore subject to dismissal from this action.

## V. Conclusion

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

7

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **June 20, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated May 20, 2026, in Kansas City, Kansas.

S/  John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE